# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARHILT MELGAR and DANIEL SPERLING, | |
| Plaintiffs, | CIVIL ACTION NO. 3:12-CV-1916 |
| v. | (JUDGE CAPUTO) |
| WILLIAM WEINSTEIN and KAZIMIERZ SPERLING, | |
| Defendants. | |

## MEMORANDUM ORDER

On September 25, 2012, Plaintiffs Carhilt Melgar and Daniel Sperling commenced this diversity action by filing a Complaint asserting claims against Defendant Kazimierz Sperling, Defendant William Weinstein, and CCM Auto Repairs, Inc. based on an alleged January 2011 car accident in Pocono Township, Pennsylvania. (Doc. 1.) Plaintiffs filed an Amended Complaint on October 16, 2012, which dropped CCM Auto Repairs, Inc. as a defendant. (Doc. 4.) On February 4, 2013, Defendant Sperling filed a Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) and supporting brief (Doc. 13). Plaintiffs have not filed a brief in opposition to Defendant Sperling's motion, nor have they requested an extension of time in which to do so.

Local Rule 7.6 requires that "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion." In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not simply be granted because it is unopposed. Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990),

the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit noted in *Stackhouse* that:

> We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.

*Stackhouse*, 951 F.2d at 30; *see also Hollister v. United States Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming the district court's treatment of defendant's motion to dismiss as unopposed based on plaintiff's failure to comply with Local Rule 7.6).

Plaintiffs' complaint indicates that they are represented by an attorney. (Doc. 4.) Plaintiffs failed to file a brief in opposition to Defendant Sperling's Partial Motion to Dismiss as required by Local Rule 7.6. Under the particular circumstances of this case, Plaintiffs' failure to file a responsive brief indicates that Defendant Sperling's motion is unopposed. Consequently, the Court will grant Defendant Sperling's Partial Motion to Dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Hollister*, 142 F. App'x at 577 (citing *Stackhouse*, 915 F.2d at 30).

**NOW**, this 12th day of March, 2013, **IT IS HEREBY ORDERED** that:

1. Defendant Kazimierz Sperling's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) is **GRANTED**.

2. The allegations of "gross," "reckless," and "wanton" conduct on the part of Defendant Kazimirez Sperling are stricken from Plaintiffs' Amended Complaint (Doc. 4), including, but not limited to, in Paragraphs 32, 33, 55, 56, 63, and 64 of the Amended Complaint.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge