# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARHILT MELGAR & DANIEL SPERLING, | CIVIL ACTION NO. 3:12-CV-1916 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| WILLIAM WEINSTEIN & KAZIMIEREZ SPERLING, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant Kazimierez Sperling ("Defendant Sperling")'s Motion for Summary Judgment (Doc. 26). The instant action relates to injuries sustained by Plaintiffs Carhilt Melgar ("Plaintiff Melgar") and Daniel Sperling ("Plaintiff Sperling") following a traffic accident that occurred on January 15, 2011. Defendant Sperling is Plaintiff Sperling's father. Defendant Sperling contends that summary judgment in his favor is warranted because the evidence demonstrates that he could not have done anything to avoid the accident and a reasonable jury could not conclude that he breached any duty of care that he may have owed the Plaintiffs. Because there is material issue of fact as to the speed Defendant Sperling's car was traveling at the time of the accident, the motion for summary judgment will be denied.

## BACKGROUND

**A.    Relevant Factual Background**

On January 15, 2011, Plaintiffs were passengers in a 2002 BMW driven by Defendant Sperling traveling Northbound on Highway SR0191 ("Route 191"). (*Am. Compl.*

¶¶ 13, 23.)  Co-Defendant William Weinstein was traveling Southbound on the same road, driving a 2004 Ford Explorer.[1]  (*Id.* at ¶¶ 21, 7.)  The accident occurred in a tunnel on Route 191 as Defendant Weinstein's vehicle crossed over the yellow line into oncoming traffic, colliding with Defendant Sperling's vehicle.  (*Id.* at ¶¶ 24, 29, 30; Def.'s Ans., Doc. 15, ¶¶ 24, 28-30.)  Plaintiff Melgar alleges that he was inured as a result of the accident (*Am. Compl.* ¶¶ 34-35) although Defendant Sperling denies this allegation (*Def.'s Ans.*, ¶¶ 34- 49).  Similarly, Plaintiff Sperling alleges that he was injured as a result of the accident (*Am. Compl.* ¶¶ 42-43) although Defendant Sperling denies this allegation as well (*Def.'s Ans.*, ¶¶ 34- 49).

**B.  Procedural History**

Plaintiffs commenced this action by filing a Complaint (Doc. 1) on September 25, 2012.  On October 16, 2012 Plaintiffs filed an Amended Complaint (Doc. 4) to correct jurisdictional deficiencies in their initial Complaint.  In Count One of the Amended Complaint, Plaintiff Melgar asserts a claim of negligence against Defendant Weinstein.  In Count Two, Plaintiff Melgar asserts a claim of negligence against Defendant Sperling.  In Count Three, Plaintiff Sperling asserts a claim of negligence against Defendant Weinstein.  Finally, in Count Four, Plaintiff Sperling asserts a claim of negligence against Defendant Sperling.  Subsequently, the action proceeded to discovery.

On April 23, 2014, Defendant Sperling filed the instant motion for Summary Judgment (Doc. 26), his brief in support (Doc. 28), and statement of facts (Doc. 27).  Plaintiffs filed their brief in opposition (Doc. 29) on May 13, 2014.  Defendant Sperling filed

---

[1]  The parties note that Defendant Weinstein passed away after the accident. (Doc. 29, ¶ 1, n. 2.)

2

his reply brief (Doc. 30) on May 16, 2014. Thus, the motion for summary judgment is fully briefed and ripe for disposition.

## **LEGAL STANDARD**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning,* 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police,* 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.,* 83 F.3d 68, 70 (3d Cir. 1996). However, where there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson,* 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient

3

showing on an essential element of her case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson,* 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. N.J. Meadowlands Comm'n,* 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler Cnty. Family YMCA,* 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

## **DISCUSSION**

A negligence claim under Pennsylvania Law requires proof of the following four elements:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (applying Pennsylvania law). The Third Circuit Court of Appeals "has held that the duty of care owed in a negligence action arising from a car accident in Pennsylvania 'is at least that established by the Pennsylvania Vehicle Code.'" *Ali v. Lyons*, No. 03-6947, 2006 WL 724570, at *1 (E.D. Pa. Mar. 22, 2006)(citing *Klein v. Hollings*, 992 F.2d 1285, 1291 n. 2 (3d Cir. 1993)). Moreover, "[s]ections 3361, 3362, and 3365 of the Vehicle Code generally require drivers to obey speed limits and to drive at a safe speed that will 'permit the driver to bring his vehicle to a stop within the assured clear distance ahead,' taking into account the road and weather conditions." *Id.* at *2.

Defendant argues that the undisputed facts demonstrate that Defendant Sperling breached no duty of care owed to Plaintiffs. He argues that Plaintiffs admit that Defendant Sperling did nothing to contribute to the accident and could not have done anything to avoid the collision (*Def. Stmt. of Facts*, ¶¶ 10, 12); the accident occurred in the "blink of an eye" (*id*. ¶ 5); the police concluded that Defendant Weinstein had been driving erratically before entering the tunnel and that he was the sole party responsible (*id.* ¶¶ 7-8); and that the police never cited Defendant Sperling for a traffic violation

5

following the incident (*id.* ¶¶ 8-9).  Furthermore, Defendant asserts that Plaintiffs admit that Defendant Sperling never left his lane of travel and was not distracted before the accident (*id*. ¶¶ 6, 11).  On the basis that "there was nothing [Defendant] Sperling could have done to avoid this . . . accident and no evidence that he did anything to contribute to the accident," (Doc. 28, 6), Defendant Sperling asserts that Plaintiffs cannot establish that he breached a duty of care owed to them and thus that summary judgment on all claims against him should be granted.

In response, Plaintiffs assert that genuine issues of material fact exist as to Defendant Sperling's speed at the time of the accident as well as to what happened moments before the accident.  Specifically, Plaintiffs point to deposition testimony from Defendant Sperling, where he states that he thinks the speed limit on Route 191 is 45 miles per hour.  (*Def. Sperling Dep.*, 16:3-5.)  He later states that he was traveling at a "comfortable speed" when he first saw the opposing vehicle, but that he could not tell what the speed was.  (*Id*. at 18:4-15.)  Plaintiff Sperling states that when they entered the tunnel, his father was driving "[a]pproximately 50, 60." (*Pl. Sperling Dep.*, 18:9-12.) Similarly, when asked how fast Defendant Sperling was driving, Plaintiff Melgar states that they were traveling at "normal speed" which he estimated to be "55, so 55 to 60." (*Pl. Melgar Dep.*, 28:12-20.)

"Under Pennsylvania law, a nonexpert witness may express an opinion about the speed of an automobile." *Bradley v. O'Donoghue*, No. 03-5071, 2005 WL 697466, at *3 (E.D. Pa. Mar. 25, 2005)(applying Pennsylvania law).  Although Defendant Sperling argues that his deposition testimony and that of Plaintiff Melgar is "undoubtedly inadmissible" because of its speculative nature, it is not clear that this is the case.  The

6

Supreme Court of Pennsylvania held that the testimony of a witness sitting in the front seat of a car, estimating the speed at which the car was traveling, was admissible despite the fact that the witness qualified his numerical estimate, stating it "[s]trictly as a guess." *Finnerty v. Darby*, 138 A.2d 117, 122 (1958).  The court clarified that the weight of the testimony was a matter for the jury and that "absolute accuracy is not required to make a witness competent to testify to the speed of an automobile." *Id.* at 123. Therefore, the Court is not persuaded by Defendant Sperling's unsupported assertion that the deposition testimony on the record regarding the speed that the car was traveling from Defendant Sperling and Plaintiff Melgar is inadmissible.  Defendant Sperling further argues that Plaintiff Sperling's deposition testimony is inadmissible because he refers to the speed of the vehicle as it entered the tunnel and not the speed it was traveling at the time of the accident.  This fact alone would not render Plaintiff Sperling's deposition testimony inadmissible.  Therefore, the Court finds that there is a material issue of fact as to the speed the automobile was traveling at the time of the accident.  As such, Defendant Sperling is not entitled to a grant of summary judgment.

## **CONCLUSION**

For the reasons stated above, Defendant Sperling's motion for summary judgment will be denied.

An appropriate Order follows.

| | |
|---|---|
| May 23, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |